UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Nelson Israel Pomaquiza Sumba,
Petitioner

v. Case No. 26-cv-700-SM-TSM

Christopher Brackett, Superintendent of the Strafford County Department of Corrections, et al.,
Respondents

**O R D E R**

Nelson Israel Pomaquiza Sumba is a civil immigration detainee from Ecuador. He brings this habeas corpus petition seeking a court order directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker. See generally 28 U.S.C. § 2241. On August 31, 2026, the respondents were directed to show cause why the court should not grant the petition to the extent it seeks an order directing them to afford petitioner a bond hearing based upon his apparent membership in the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), aff'd, 2026 WL 2352042 (1st Cir. Aug. 13, 2026), and/or his similarity

to the petitioner in Destino v. FCI Berlin, Warden, No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

On September 8, 2026, the government responded to the court's order by filing a Motion to Dismiss the petition (document no. 5). In it, the government concedes that Sumba is a member of the class protected by Guerrero Orellana, that his detention is governed by 8 U.S.C. § 1226(a), and that he is entitled to a bond hearing upon request. But, says the government, the petition does not allege that Sumba actually requested a bond hearing. Thus, the government argues his petition is not ripe and/or that he has not exhausted available administrative remedies.

In response, Sumba notes that, "Historically [i.e., prior to the circuit court's recent affirmance of Guerrero], Immigration Judges have failed to find they have jurisdiction over custody redeterminations. Petitioner, therefore submitted a Petition for Habeas Corpus to ensure the Immigration Judge's ability to exercise its authority over his custody was established and confirmed." Petitioner's Objection (document no. 6) at 1-2. Additionally, Sumba says that he has now specifically requested a bond hearing before an immigration

judge and, therefore, taken the procedural step the government says is required. Id. at 2.

## Conclusion

The respondents have failed to show cause why the court should dismiss the petition. The government concedes that Sumba is entitled to a bond hearing before an IJ upon request. Sumba has requested such a hearing, at which the government will bear the burden to either: (1) prove by a preponderance that petitioner is a flight risk; or (2) prove by clear and convincing evidence that he poses a danger to the community.

If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

To the extent petitioner seeks an order directing his immediate release, that request is denied without prejudice. The court finds that a bond hearing before an IJ is sufficient to protect his rights at this stage.

The government shall file a status report within fourteen days.

**SO ORDERED.**

______________________________
Steven J. McAuliffe
United States District Judge

September 21, 2026

cc: Counsel of Record